Paul Stark
IDAHO EDUCATION ASSOCIATION
P.O. Box 2638
620 N. Sixth Street
Boise, Idaho 83701
Telephone: (208) 333-8560
Facsimile: (208) 336-6967

James M. Piotrowski
Marty Durand
PIOTROWSKI DURAND, PLLC
P.O. Box 2864
1020 W. Main St., Ste. 440
Boise, Idaho 83701
Telephone: (208) 331-9200
Facsimile: (208) 331-9201

    Attorneys for Plaintiff

BEFORE THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CENTRAL IDAHO EDUCATION ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> MOUNTAIN VIEW SCHOOL DISTRICT, LOT SMITH, CASEY SMITH, REBECCA WARDEN, MIKE DOMINGUEZ, and, BRAD LUTZ, all in their official Capacities as members of the BOARD OF TRUSTEES OF THE MOUNTAIN VIEW SCHOOL DISTRICT, <br><br> Defendants. | Case No. 3:18-cv-541 <br><br> COMPLAINT AND DEMAND FOR JURY |

    COME NOW the Plaintiffs, by and through counsel, and for their Complaint would show as follows:

## I. INTRODUCTORY STATEMENT

1. This action is brought to vindicate the civil and statutory rights of professional educators (teachers) employed by the Mountain View School District in Grangeville, Idaho. Over the past six months the School District and its Board of Trustees has attempted to silence the District's teachers by banning them from wearing certain articles of clothing, has violated a prior contract between the District and the representative of the teachers, and has failed and refused to bargain in good faith with their representative for a new contract governing the current school year.

## II. PARTIES, JURISDICTION, VENUE

2. Plaintiff Central Idaho Education Association ("CIEA" or "Association") is an unincorporated association affiliated with the Idaho Education Association. CIEA is a properly constituted local education association within the meaning of the Idaho Professional Negotiations Act, Idaho Code 33-1271 *et seq.* The CIEA has been chosen by a majority of the professional employees of the Mountain View School District to serve as the bargaining representative of those employees.

3. Defendant Mountain View School District ("Mt. View" or "District") is a properly constituted School District organized pursuant to the laws of the State of Idaho. The District is operated by Defendants Lot Smith, Casey Smith, Rebecca Warden, Mike Dominguez and Brad Lutz each of whom is a duly elected or appointed member of the Board of Trustees and is sued in his or her official capacity.

4. Suit is brought pursuant to 42 U.S.C. 1983 as to alleged violations of the First Amendment of the United States Constitution. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983. The Court has supplemental jurisdiction

pursuant to 28 U.S.C. §1367 over claims arising under Idaho law. The events and omissions giving rise to the action occurred entirely within the State of Idaho, and venue is thus appropriate in this District.

### III.  FACTS AND BACKGROUND

5. The Association has represented the certificated professional employees of the Mt. View School District, excluding administrators, for approximately the last 30 years.  Pursuant to the Idaho Professional Negotiations Act the Association has negotiated annual contracts covering some of the terms and conditions of employment of the teachers the Association represents.  The most recent contract reached was executed on or about August 21, 2017 and governed terms and conditions for the 2017-2018 school year.  By its own terms, that contract expired June 30, 2018.

6. During the negotiations for the 2017-2018 contract a number of issues were left unresolved, but with specific agreements to continue to work toward resolution.  A Memorandum of Understanding which was attached to and incorporated into the 2017-2018 agreement provided that the District and the Association agreed "to continue working on solutions for equitable preparation time for all certificated staff members."  Another Memorandum of Understanding which was attached to and incorporated into the 2017-2018 agreement provided that the District and the Association agreed "To begin working on salary schedule framework, assemble the district Health and Wellness Committee and to wordsmith Section 3.1 of the Agreement beginning in October, 2017 for recommendation for 2018-19 bargaining."

7. Despite these Memoranda of Understanding, the District did not continue to work with the Association on finding solutions for equitable preparation time for all certificated staff members.  Likewise, the District never worked with the Association on reviewing the salary

schedule framework, never assembled the district "Health and Wellness Committee" and never met with the Association to address section 3.1 of the agreement. The Association made several requests to the District's Superintendent to work on these matters, but neither the Superintendent nor the Board of Trustees ever met or worked on these matters with the Association.

8. In advance of the termination of the 2017-2018 contract, the parties commenced negotiations on May 24, 2018. The parties held negotiating sessions on May 25, June 1, and July 11, 2018.

9. While negotiations were ongoing, the School District informed teachers that they could not wear tee-shirts which displayed the Association logo and the slogan "Support Educators, Support Kids." In an email dated September 6, 2018, District Superintendent Marcus Scheibe informed school administrators, who in turn informed teachers, of a "directive" regarding such tee-shirts. According to Scheibe, "The Board of Trustees has given a directive that the CIEA shirts have no place in our educational process." Further, Scheibe stated that "shirts are not to be worn when acting within the capacity as an employee of the school district."

10. No such directives have been issued regarding any other tee-shirts, graphic shirts, or other articles of clothing. The District does not maintain a dress code for professional, certificated staff. Teachers in the District often wear tee-shirts while performing official duties.

11. The parties did not reach an agreement on a contract during the bargaining sessions in the spring and summer months, but did agree to seek the assistance of a mediator. The parties met with the mediator, on August 8 and October 2, 2018. The mediation did not result in an agreement. At the end of the mediation session, the Association informed the Mediator that the Association would not involve the Mediator in continued negotiations and specifically that the Association would not bargain "through back channels" via the Mediator.

12. The day after the second mediation, representatives of the Association requested additional meetings with the District's representatives to continue bargaining toward a contract. In response, Scott Marotz, legal counsel and bargaining representative for the District insisted that the Association submit any contract proposals for the District to consider through the mediator.

13. By email dated October 24, 2018, counsel for the Association sought to determine whether the District was in fact refusing to meet and confer with the Association. In response, Marotz confirmed that the District did not intend to meet and confer directly with the Association, and would engage in negotiations only if the District presented a proposal to a mediator which the District then thought warranted further meetings.

14. By letter dated November 13, 2018, counsel for the Association reiterated the Association's desire to meet and confer in person, rejected the District's attempts to impose conditions on any attempt to meet and confer, and informed the District that those attempts constituted an unlawful refusal to bargain in good faith. The Association further requested dates for additional negotiations.

15. At a November 19, 2018 meeting of the Board of Trustees, the Association reiterated to the Board that it would not conduct negotiations via a third-party back channel, that it did not agree to continue the mediation process, and that it specifically requested that the Board or its designee meet and confer with the Association.

16. The District has not responded to the Association's letter, nor to its in-person request to meet and confer for the purpose of trying to reach agreement. The District has not provided dates to meet and confer, and has not indicated it is willing to meet and confer on any terms other than those it seeks to impose.

## IV.  CLAIMS FOR RELIEF

### First Claim for Relief

### Violation of First Amendment Rights

17.  Plaintiff incorporates as if fully restated herein all of the preceding allegations.

18.  Plaintiff Association exists for the purpose of representing the interests of teachers in their professional roles, including advancing professional status, public respect, and effective practice of the teaching profession.

19.  By issuing a "directive" that teachers employed by the School District were not to wear tee-shirts that included a CIEA logo and the slogan "support educators, support kids" the District violated the rights of Association members to exercise their rights under the First Amendment to engage in speech, and to associate with the CIEA.

20.  As a direct and proximate result of the foregoing, Plaintiff is entitled to a declaration that such a "directive" is unlawful and unenforceable as a matter of District practice, as well as a permanent injunction barring such "directive" from being enforced.

### Second Claim for Relief

### Breach of Contract

21.  Plaintiff incorporates as if fully restated herein all of the preceding allegations.

22.  The Parties agreed in their 2017-2018 Agreement that they would meet and confer during the term of that Agreement for the purpose of addressing preparation time, perceived failings of the framework of the salary schedule, and health insurance for represented employees.

23.  The Association attempted on multiple occasions to initiate such discussions.  On each such occasion the District, through its agents, failed to meet and confer for the specified purposes.

24. As a direct and proximate result of the foregoing Plaintiff is entitled to a declaration that the District has violated the terms of its contract with the Association.

### Third Claim for Relief

### Violation of Idaho Professional Negotiations Act

25. Plaintiff incorporates as if fully restated herein all of the preceding allegations.

26. Defendant District has a legal duty imposed by statute to bargain in good faith with the representative of its professional employees.

27. Bargaining in good faith is defined as meeting and conferring directly with the representative of the professional employees for the purpose of reaching agreement on terms and conditions of employment.

28. Defendant District has refused and is presently refusing to meet and confer in good faith with the Association, in violation of statutory duties set out in the Idaho Professional Negotiations Act.

29. Plaintiff is entitled to and requests declaratory and injunctive relief requiring Defendant to meet and confer with the Association at reasonable times and places.

WHEREFORE, Plaintiff prays for relief as follows:

a. For trial by jury as to any issues so triable;

b. For a declaration that Defendant has violated the First Amendment rights to speech and association of the Plaintiff and its members by prohibiting the wearing of certain tee-shirts;

c. For a permanent injunction barring Defendant from violating the First Amendment rights of the Plaintiff and its members to free association and expression;

d. For a declaration that Defendant is in violation of Idaho law for failure to bargain in good faith with the representative of its professional, certificated employees;

  e. For an injunction compelling Defendant to bargain in good faith with the representative of its professional, certificated employees;

  f. For an award of their costs and fees in bringing this action; and,

  g. For such other and further relief the Court may deem appropriate.

DATED this 6th day of December, 2018.

               PIOTROWSKI DURAND, PLLC

                /s/ James M. Piotrowski
               James M. Piotrowski
               Of the Firm